(12 Misc. Rep. 476.)

## In re OSTRANDER.

(Supreme Court, Special Term, Albany County. May, 1895.)

1. MANDAMUS—APPOINTMENT UNDER CIVIL SERVICE LAWS.

Laws 1893, c. 227, authorizes the superintendent of public buildings of Albany "to appoint all persons necessary to the maintenance of the department of public buildings." *Held*, that the persons so authorized to be appointed are merely employés, and the remedy of the person entitled to appointment under the civil service laws, but whom the superintendent refused to appoint. is by mandamus.

2. OFFICE AND OFFEICR—PREFERENCE OF VETERANS—CONFIDENTIAL POSITION.
Under Laws 1894, c. 716, which gives veterans of the Civil War a preference of appointment in the civil service of the state and cities, but provides that the act shall not be construed to apply to any strictly confidential position, an application for mandamus to compel an appointment cannot be granted where it states that the position to which relator seeks to be appointed "has been entered upon the schedule of confidential positions in the civil service."

Application by Alson B. Ostrander for a writ of mandamus to compel the superintendent of public buildings to appoint relator to the position of deputy superintendent. Denied.

Robert H. McCormic, Jr., for relator.
Henry C. Nevitt, for respondent.

HERRICK, J. The applicant rests his claim to the appointment to the position in question upon the laws in relation to honorably discharged soldiers and sailors of the late war. I deem it unnecessary at this time to review the various acts of the legislature in relation to veterans. His claim seems to me to rest upon the provisions of chapters 716 and 717 of the Laws of 1894. These acts became laws upon the same day. They contain no provisions necessarily inconsistent with each other, and therefore are to be construed as one law. They entitle him, in certain cases, to a preference over all others not veterans. The position he seeks is one under the superintendent of public buildings. Under chapter 227, Laws 1893, the superintendent of public buildings has power, "subject to the approval of the trustees, to appoint all persons necessary to the maintenance of the department of public buildings and the grounds under his charge." The persons so authorized to be appointed by him are not public officers, but employés. No authority is vested in him, or in the trustees of the public buildings, to create an office. The remedy by mandamus, I therefore think, is the proper one.

Chapter 716 of the Laws of 1894—the law which gives honorably discharged soldiers and sailors a preference—has the following proviso: "But the provisions of this act shall not be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential position." The application must affirmatively show that the position he seeks is not one of those excepted from the preference to be given to veterans. The particular position sought by the applicant, for which he filed his application with the superintendent of public buildings, is designated as that of "deputy superintendent," a position or employment that appears to have been created and named by the superintendent of public buildings. Now, while I am inclined to think that this provision of the statute, so far as it refers to deputies, refers to officers, as such, created by statute, who are by law clothed with the power and authority of the principal officer in his absence or inability to act, and that it does not refer to an employé who may have been, for convenience, but improperly, named deputy, —who is not clothed with any official power or authority, and has no right, under the statute, to act for or in the place of the principal

officer,—and while, therefore, the naming of the position in controversy here as that of deputy does not necessarily bring it within the positions excluded from the operation of the laws in relation to soldiers, still this reasoning does not affect that portion of the statute relating to confidential positions. And the applicant, instead of showing that the position he seeks is not a confidential one, alleges in his moving affidavit herein "that said employment has been entered upon the schedule of confidential positions in the civil service of the state, as exempt from examination." The civil service commission of the state, together with the governor, have power, under the civil service laws, to classify the employés of the state. And such position having, as the applicant states, been classified as a confidential one, I do not think that the applicant has a preference for the appointment thereto over any other applicant. I do not think the provisions of the new constitution change the position of the applicant. Since it was adopted the governor and civil service commission have declared the employment in question a confidential one, and not subject to examination, which is in effect saying, in the language of the constitution, that it is not "practicable" to ascertain the applicant's fitness for it by examination, and therefore it is not within the provisions of the constitution as to civil service. The application for a mandamus must therefore be denied,—denied, not as matter of discretion, but as matter of law; but, under the circumstances of this case, I think proper that such denial should be without costs.

Application denied, without costs.