(25 Misc. Rep. 619.)

### PEOPLE ex rel. BRECKENRIDGE v. SCANNELL.

(Supreme Court, Special Term, New York County.   December, 1898.)

1. MANDAMUS—PEREMPTORY WRIT—WHEN GRANTED.
    Where important allegations of fact in the moving papers are denied, a peremptory writ of mandamus in the first instance cannot be granted.

2. MUNICIPALITIES—OFFICERS—REMOVAL—CONFIDENTIAL RELATIONS.
    Under Laws 1898, c. 184, exempting certain municipal employés from removal, and providing that nothing therein shall be construed to apply to any person holding a strictly confidential relation to the appointing power, a confidential examiner in the bureau of the fire marshal, appointed by the fire commissioner, whose duties are to assist in investigating the origin of fires, and in procuring evidence against incendiaries, holds such a confidential relation.

3. SAME—ABOLISHING OFFICE—REINSTATEMENT.
    Under Greater New York Charter, § 127, providing that all veterans then in the municipal service, entitled to serve during good behavior, should, "so far as consistent with economy and with the needs and requirements of the service," be retained in like positions, etc., a veteran cannot insist on reinstatement where his office was abolished, in good

faith, for economy, and its duties distributed among other offices, there being no other vacancies in that department.

4. STATUTES—REPEAL OF SPECIAL BY GENERAL LAW.

The provisions of the Greater New York charter as to the civil service are not affected by Laws 1898, c. 184, entitled "An act to further amend section 1 of chapter 119 of the Laws of 1888, entitled 'An act relating to employees of the various cities and counties of the state,'" since it is a general law, and contains no clause repealing inconsistent acts.

Application by the people, on the relation of Robert P. Breckenridge, against John J. Scannell, as fire commissioner, etc., for mandamus. Writ denied.

Charles A. Hess, for relator.
John Whalen, Corp. Counsel, for defendant.

LAWRENCE, J. The prayer of the petition in this case asks for either one of three separate forms of relief, but counsel stated on the argument, and reiterates the statement in his brief, that he rests his right to a mandamus upon the third ground alone, and raises simply the question whether the position of confidential examiner in the bureau of the fire marshal in the borough of Manhattan, city of New York, is a strictly confidential position, within the meaning of chapter 184 of the Laws of 1898, and whether, under said chapter, and section 127 of the Greater New York charter, the petitioner is protected against summary dismissal from the service.

It is alleged in the petition that the petitioner is an honorably discharged veteran of the late Civil War, and was appointed to the position of confidential examiner in the bureau of the fire marshal December 14, 1895; that he continued in the service from that date until June 21, 1898, when the office held by him was assumed to be abolished, and he was dismissed from the service; that prior to his dismissal the petitioner had notified the respondent that he was an honorably discharged veteran, and as such entitled to the benefit of the veterans' acts. It is also alleged that after his dismissal he again notified the respondent that he was an honorably discharged veteran, and demanded to be restored either to the position that he had theretofore held, or to some other position in the department; that the position held by the petitioner is not created by statute, and he was not appointed for a definite term; and that he was in no wise affected by the Greater New York consolidation, but continued in the same general employment, and was assigned to perform duties of the same general character as those which he performed prior to such consolidation. The petitioner also alleges that prior to the consolidation the appointing power was vested in the board of fire commissioners, and that after the consolidation the appointing power became vested in the fire commissioner, the petitioner's relation to the appointing power remaining unaltered. The petitioner claims that his dismissal was illegal, and bases his claim to exemption from removal upon section 127 of the Greater New York charter, and chapter 184 of the Laws of 1898, entitled "An act to further amend section 1 of chapter 119 of the Laws of 1888, entitled 'An act relating to employees of the various cities and counties of the state.'" Further averments in the

petition are to the effect that the petitioner was entitled to serve during good behavior, and could not be removed, except for cause, after notice, and that in spite of his demand to be returned to the service the respondent has wrongfully and illegally neglected to assign him for service in said department, or in any service whatever. The petitioner states, also, what the duties of a confidential examiner are; and he avers that he believes that the abolition of said office was in fact a mere cover for the purpose of dismissing him, and that the office has been abolished in name only, and that its duties are now performed by an appointee of the respondent, under the name of "Temporary Assistant Fire Marshal," and that, in any event, he is entitled to be transferred,—being a veteran,—under the acts aforesaid, to some other branch of the service for duty, at the same compensation. The affidavit of the fire commissioner, in reply to the petition, states that the position of "Confidential Examiner, Bureau of Fire Marshal" was abolished by him on June 21, 1898, and the petitioner discharged; that this was done in good faith, as a matter of economy; and that the duties heretofore performed by the incumbent were distributed among the assistant fire marshals then holding office. The commissioner, in his affidavit, denies that the duties performed by the petitioner are now performed by an appointee under the name of "Temporary Assistant Fire Marshal," whose duties are substantially the same. The affidavit also states that there is no position in the fire department to which the petitioner could be transferred, for the reason that there are no vacant positions in said department, the incumbents of which would be entitled to receive the same compensation as was received by the petitioner, nor any vacancies whatever. It is also alleged that it was found, upon investigation, that the petitioner's position was unnecessary; that the duties previously performed by him after January, 1898, were performed by the assistant fire marshals, and that since that time the petitioner has been performing the duties of an inspector, while receiving the salary of a confidential examiner; and that the position was abolished simply for the purpose of economy.

Inasmuch as important allegations of fact in the moving papers are denied, the motion for a peremptory writ in the first instance cannot, in any event, be granted; but as the petitioner, in his notice of motion, asks for either a peremptory or alternative writ, it becomes necessary to ascertain whether a case for the issuing of an alternative writ has been made out, on the papers presented. It seems to me that, if the duties of the petitioner were such as are stated in his petition, the case comes within the saving clause of chapter 184 of the Laws of 1898, upon which he relies. That clause in the act of 1898 provides that "nothing in this act shall be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer." The very title of the position which the petitioner held imports a confidential relation between the person holding it and the appointing power. Assisting in investigations of the origin of fires, and the procuring of testimony against incendiaries involved not only a confidential, but a strictly

confidential, relation to the appointing power, to wit, the board of fire commissioners, under the old law, and the fire commissioner, under the new charter. People v. Lyman, 157 N. Y. 385, 52 N. E. 132; In re Ostrander, 12 Misc. Rep. 476, 34 N. Y. Supp. 295, affirmed on opinion below, 146 N. Y. 404, 42 N. E. 543; People v. Palmer, 152 N. Y. 217, 46 N. E. 328; Chittenden v. Wurster, 152 N. Y. 360, 46 N. E. 857. If this is a correct view of the statute, the petitioner has no right to either a peremptory or alternative writ, under the act of 1898, or under section 127 of the charter. If it is not correct, then the question arises whether the act of 1898 is to be regarded as in any way affecting the provisions of the Greater New York charter in respect to the civil service. It was held in the case of People v. Keller, 31 App. Div. 248, 52 N. Y. Supp. 950, that a general law, in the absence of a clear evidence of a legislative intent to that effect, will not repeal a law which is special or local, and that, a fortiori, is this the rule applicable to a mere amendment of a prior general law. The question under consideration in that case was whether the provisions of the charter of the Greater New York in respect to the civil service were affected or repealed by chapter 186 of the Laws of 1898, entitled "An act to regulate and improve the civil service of the state," and it was held that the act did not have that effect. That case having been affirmed by the court of appeals, but upon another ground (People v. Keller, 157 N. Y. 90, 51 N. E. 431), the question was again presented to the appellate division, in the case of People v. Keller (Sup.) 54 N. Y. Supp. 1011, in which that tribunal reaffirmed its previous decision, and held that a special or local statute providing for a particular case or class of cases is not repealed by a subsequent statute, general in its terms, provisions, and application, unless by the language used the intent to repeal or alter is manifest, and that is so, although the terms of the general act are broad enough to include the cases embraced in the special law. Now, the act (chapter 184 of the Laws of 1898) is a general act, and, as its provisions apply to cities of the first class, it is broad enough to embrace the city of New York; but, when we come to examine that act, we find that it is an amendment to chapter 119 of the Laws of 1888, entitled "An act relating to employees of the various cities and counties of the state." It does not contain any repealing clause as to acts which may be inconsistent therewith, and, under the rules laid down by the appellate division in the cases above cited, I do not think that it can be held to change, alter, or modify the provisions of the Greater New York charter as to the civil service. It remains, then, to inquire whether there is anything in section 127 of that charter which aids the petitioner in this application. That provision is as follows:

"All veterans either of the army or navy or the volunteer fire departments, now in the service of either of the municipal and public corporations hereby consolidated, who are now entitled by law to serve during good behavior, or who cannot under existing law be removed except for cause, shall," so far as is consistent with economy and with the needs and requirements of the service, "be retained in like positions and under the same conditions by the corporation constituted by this act, to serve under such titles and in such way as the head of the appropriate department or the mayor may direct."

As already stated, the fire commissioner swears in his affidavit that the office previously held by the petitioner was abolished in good faith, and as matter of economy, and the duties performed by a confidential examiner were distributed among the assistant fire marshals then holding office, and that there is no position in the fire department to which he could be transferred, for the reason that there are no vacancies whatever in the department. No case is, therefore, made out for the issuing even of an alternative writ, unless the petitioner desires to contest the truth of the allegation of the fire commissioner as to good faith, and as to existing vacancies in the department, under section 127 of the charter. Ordered accordingly.