The People of the State of New York ex rel. Frank J. Martin, Appellant, v. P. J. Scully, City Clerk of the City of New York, Respondent.

*Civil service — clerk in the office of the clerk of the board of aldermen of the city of New York — he is a legislative employee — he is a "regular clerk."*

The provision in section 8 of the Civil Service Law (Chap. 370 of the Laws of 1899) that the unclassified service shall include "all legislative officers and employees," applies not only to the State but to each of its civil divisions and cities, and embraces the position of clerk in the office of the clerk of the board of aldermen of the city of New York.

Such clerk is a "regular clerk" within the provision of section 1543 of the Greater New York charter, and cannot "be removed until he has been allowed an opportunity of making an explanation." The municipal assembly is a department of the city within the meaning of section 1543.

Section 1543 of the Greater New York charter was not repealed by section 29 of chapter 370 of the Laws of 1899.

APPEAL by the relator, Frank J. Martin, from an order of the Supreme Court, made at the New York Special Term, bearing date the 6th day of December, 1900, and entered in the office of the clerk of the county of New York, denying the relator's application for a peremptory or alternative writ of mandamus.

*Julius M. Mayer*, for the appellant.

*William B. Crowell*, for the respondent.

PATTERSON, J. :

The relator applied for a writ of mandamus to restore him to the position of clerk in the office of the city clerk of the city of New York, from which position he had been discharged by the defendant summarily and without a hearing. His application was denied by the court at Special Term, and from the order of denial this appeal is taken.

It was shown on the application that the relator was appointed in January, 1895, a clerk of the board of aldermen and of the common council of the then corporation known as the mayor, aldermen and commonalty of the city of New York. He entered upon the performance of the duties of that position — such duties being solely

clerical — and continued to perform the same until after the Greater New York charter went into operation, when, by virtue of section 1536 of that charter, he was transferred to a similar position or place in the office of the clerk of the board of aldermen who was appointed by the city clerk, namely, the respondent herein.     The relator claims a right to reinstatement upon two grounds: *First.* That he was in the classified civil service and, therefore, was protected by rule 42 of the civil service commission, which provides: "To secure compliance with the provisions of the Civil Service Law prohibiting removals because of political opinions or affiliations no removal of any person in the classified service of the city of New York shall be valid unless and until a statement of the causes of such removal shall be filed with the Municipal Commission and a copy of the same furnished to the person sought to be removed and until such person has been afforded an opportunity to present an explanation in writing."

Without considering or passing upon the validity of this rule as affecting persons situated as this relator is, we conclude that it would be inoperative in this case, because the relator is not within the classified civil service under the White Act, but is expressly excepted therefrom by the provisions of section 8 of chapter 370 of the Laws of 1899, in which section a definition is given of the unclassified service and of the classified service, as follows: "The civil service of the State and of each of its civil divisions and cities shall be divided into the unclassified service and the classified service. The unclassified service shall comprise all elective offices; all offices filled by election or appointment by the Legislature on joint ballot; all persons appointed by name in any statute; all legislative officers and employees; all offices filled by appointment by the Governor, either upon or without confirmation by the Senate, except officers and employees in the executive offices; all election officers; the head or heads of any department of the government, and persons employed in or who seek to enter the public service as superintendents, principals or teachers in a public school or academy or in a state normal school or college.     The classified service shall comprise all positions not included in the unclassified service."

It will thus be seen that the unclassified service is one of enumeration; the classified service includes everything not enumerated in

the unclassified service, but in the latter we find "all legislative officers and employees," and those words are used not only in connection with the State but with each of its civil divisions and each of its cities, manifestly contemplating that there shall be within the unclassified service of the State those who are officers or employees in bodies whose functions are limited to legislation, as, either State, county or municipal legislative bodies.

*Second.* The relator further contends that he was entitled to restoration to his position, under the provisions of section 1543 of the Greater New York charter, which reads as follows: "But no regular clerk or head of a bureau shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal, a statement showing the reason therefor shall be filed in the department."

We think it cannot be controverted that this relator stood in the position of a regular clerk within the meaning of this section of the Greater New York charter. His position was one under the Consolidation Act, with definite duties assigned to and performed by him. By force of a provision of the Greater New York charter he was retained in the service of the new city government and put in a position similar in character to that which he had held under the old municipality. He was regularly appointed, regularly inducted into office, had regular duties to perform and received a regular annual salary. That is to say, everything connected with his appointment to the position and his compensation to be paid was regulated by law and he was entitled to the protection which the law gave him from peremptory removal.

It is argued by the learned counsel for the respondent that section 1543 does not apply to the relator, because the legislation contained in that section is limited to the heads of departments, who have power to appoint and remove (except the chamberlain) all clerks, officers, employees and subordinates in their respective departments, except as otherwise specially provided in the act, and then follows the provision respecting the removal of a regular clerk above quoted. The respondent insists that the municipal assembly is not a department of the city government, and that the provision relat-

ing to the discharge of regular clerks cannot, therefore, aid the relator. Attention is called to the 96th section of the Greater New York charter for a specific enumeration of the departments of the city, but the departments there enumerated are *administrative* departments of the city. The municipal assembly is designated in the caption of chapter 2 in the charter as the legislative department. The charter commissioners refer to it in their introduction to the charter as the legislative department of the new city. By all the provisions of the act concerning the municipal assembly, it is in fact made the legislative department of the present city of New York just as much as the Senate and Assembly constitute the legislative department of the government of the State of New York. We are of opinion that the protection of the 1543d section of the charter extends to the relator as one of the regular clerks or employees of that department of the city government.

It is further suggested by the respondent that the provision of section 1543 of the Greater New York charter was repealed by the White Act. We do not so regard it. By section 29 of that act all other acts or parts of acts, general, special or local, and all rules, regulations and classifications for the appointment or promotion in the civil service of the State or any civil division thereof *inconsistent* with the provisions of the White Act are repealed. There is nothing in the 1543d section of the Greater New York charter inconsistent with either the scheme or the objects of the White Act, or of any of its specific provisions.

The order should be reversed, with ten dollars costs and disbursements, and a mandamus granted to the relator reinstating him in the position from which he was removed, with fifty dollars costs.

Van Brunt, P. J., Ingraham and Hatch, JJ., concurred; Rumsey, J., concurred in result.

Order reversed, with ten dollars costs and disbursements, and mandamus granted to relator reinstating him in the position from which he was removed, with fifty dollars costs.