(73 App. Div. 462.)

### SHAUGHNESSY v. FORNES et al.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

CIVIL SERVICE LAW—CONSTRUCTION—MUNICIPAL OFFICERS—SERGEANTS AT ARMS.
   A sergeant at arms of the New York City council and his assistants must be regarded as confidential employés or appointees, within the civil service law (Laws 1899, c. 370, § 21), which expressly declares that it shall not apply to such appointees, as it is a matter of common information that persons holding such positions bear confidential relations to the bodies with which they are connected, and, besides, the city civil service commission has listed such positions as confidential.
   Laughlin, J., dissenting.

Appeal from special term, New York county.

Application by John J. Shaughnessy for a peremptory writ of mandamus against Charles V. Fornes and others, constituting the board of aldermen of the city of New York. From an order denying the writ, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON and LAUGHLIN, JJ.

T. H. York, for appellant.
W. B. Crowell, for respondents.

PATTERSON, J. The application of the petitioner in this matter for a writ of mandamus was denied at the special term, and from the order entered upon such denial this appeal is taken.

The petitioner, a veteran of the Union army in the late Civil War, was on the 6th day of December, 1898, appointed an assistant sergeant at arms of the council of the city of New York, pursuant to section 27 of the Greater New York charter. At the time of his appointment the municipal assembly consisted of the council and the board of aldermen. By an amendment of the Greater New York charter, passed in the year 1901 (chapter 446, Laws 1901), the leg-

islative power of the city of New York became vested in the board of aldermen of the city of New York,.the council being thus abolished, and all the powers exercised and performed by the municipal assembly were devolved upon the board of aldermen. Among other·things, it is within the power of the board of aldermen to appoint sergeants at arms and assistants. The petitioner, being a veteran of the Civil War, and having been an assistant sergeant at arms of the council of the city of New York, claims that upon the abolition of that body he was entitled to be transferred to a similar position in the board of aldermen of the city of New York, and that claim is made under section 21 of chapter 370 of the Laws of 1899. Such a contention would. receive recognition, and the petitioner would be entitled to appointment as assistant sergeant at arms of the board of aldermen, were it not for·that provision of section 21 of chapter. 370 of the Laws of 1899 which expressly states that "nothing in this section shall be construed to apply to the position of private secretary or deputy of any official or department or to any other person holding a strictly confidential relation to the appointing officer." The papers before the court on this motion disclose the fact that the sergeant at arms and assistants are confidential employés or appointees. That persons holding such positions bear confidential relations to the bodies with which they are connected is a matter of common information. The municipal civil service commission of the city of New York have placed sergeants at arms in the noncompetitive list, ranking these positions as confidential; and, while that is not conclusive of the subject, yet it furnishes the interpretation put upon the law by those authorized, and required by the law to make the distinctions and classifications of those seeking appointment to office under the municipal government of the city of New York.

For the reason that the position is a confidential one, the order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

LAUGHLIN, J. (dissenting). In the month of December, 1898, the petitioner was appointed assistant sergeant at arms to the council, the upper house of the municipal assembly, at a salary of $1,000 per annum. He continued to perform the duties faithfully and·satisfactorily until the 1st day of January, 1902, when the council expired, the municipal assembly having been superseded by a board of aldermen. Chapter 466, Laws 1901. He is an honorably discharged soldier of the Union army, and served in the war·of the Rebellion. Due notice of this fact was given the board of aldermen, which superseded the municipal assembly and to its president and clerk, together with a demand by the petitioner in due form that he be transferred, designated, assigned, or appointed to the position of assistant sergeant at arms to the board of aldermen, in accordance with his legal rights as such veteran. The matter was investigated by a committee of the board of aldermen, and, with knowledge of all the facts, including the petitioner's claim as an honorably discharged soldier, the board refused to recognize his rights, and thereafter ap-

pointed a sergeant at arms and five assistant sergeants at arms. It is clear that, if the office of assistant sergeant at arms is not a "strictly confidential" position, the petitioner was entitled to be appointed. There were vacancies, and they arose by the legislative dissolution of the municipal assembly and the creation of the board of aldermen. By section 27 of the Greater New York charter, as thus amended by chapter 466, Laws 1901, the board of aldermen was expressly authorized to elect a sergeant at arms and such assistants "as are needful to the orderly conduct of its meetings." Both by the constitution of our state and section 21 of chapter 370 of the Laws of 1899, the petitioner was protected against removal without a hearing and for cause shown. Said section 21 further provides that, if the position shall become unnecessary, or be abolished for reasons of economy or otherwise, such appointee or employé "shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor." This section was amended by chapter 270 of the Laws of 1902, which took effect on the 29th day of March, 1902, so as to make it the express duty of all persons clothed with the power of appointment to make such transfers effective. Doubtless this amendment does not affect the case at bar, for the petitioner instituted this proceeding before it became of force; but it is merely declaratory of what was the plain intent and effect of the previous law. It was formerly expressly provided in said section 21 that "nothing in this section shall be construed to apply to the position of private secretary or deputy of any official or department or to any other person holding a strictly confidential relation to the appointing officer"; but this provision was also amended by the said act of 1902 to read as follows: "Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department." This amendment indicates a determination on the part of the legislature to prevent an evasion of the spirit of the civil service law, not uncommonly resorted to, on the pretense that the appointee held a confidential relation to the appointing power. This amendment, however, cannot inure to the benefit of the petitioner, whose rights depend upon the law as it previously existed. It cannot be successfully maintained that these provisions of the civil service law, so called, have been superseded by the charter amendments of 1901, for the legislature has expressly preserved the rights of veterans against any legislation enacted at that session. Chapter 533, Laws 1901. It has been held, however, that the charter and the civil service law are to be construed together. People v. Scully, 56 App. Div. 302, 67 N. Y. Supp. 839. Even under the charter the rights of the petitioner are fully preserved. It is provided in section 1543 of the Greater New York charter that:

"Wherever in any department or institution an office, position or employment is abolished, or made unnecessary, through the operation of this act, or in any other manner, or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in

any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services."

This section further provides that when such offices, positions, or employment are abolished or become unnecessary, the head of the department or institution shall transmit the names of those affected to the municipal civil service commission, and that such commission shall place their names upon a list of suspended employés "for the office or position or for the class of work in which they have been employed or for any corresponding or similar office, position or class of work," and shall certify their names for reinstatement in the order of their original employment before making certificates from any other list. The municipal civil service commission has placed the positions of assistant sergeant at arms in the unclassified service, the positions in which are exempt from examinations; and that is doubtless where they belong under the law. People v. Scully, supra. The contention of the respondents that section 1543 of the charter relates only to positions in the classified service is untenable. That part of it which requires the civil service commission to place the names upon the appropriate lists, and certify them for reappointment, when called upon for an eligible list, undoubtedly relates only to the classified service; but the provision herein quoted is general, and relates to all existing positions, whether in the classified or unclassified service. It is not very material, therefore, whether the petitioner's rights depend upon the civil service act or upon this provision of the charter, for in either event he is entitled to be transferred to a similar position when a vacancy arises. In re Breckinridge, 160 N. Y. 103, 54 N. E. 670; Pratt v. Phelan, 67 App. Div. 349, 73 N. Y. Supp. 823.

The only question, therefore, would seem to be whether a strictly confidential relation exists between a sergeant at arms and the board of aldermen. That body consists of 79 members, and its sessions are expressly required by the charter to be held with open doors. Sections 27, 29, 31, Greater New York Charter. The rules of the board provide that the president shall assign the sergeant at arms and assistant sergeant at arms "their respective duties and stations"; that they are required to be in constant attendance at the sessions of the board, and, under the direction of the president, to aid in enforcing order on the floor, in the gallery, lobbies, and rooms adjacent to the aldermanic chamber, and to see that no persons remain on the floor unless entitled to the privilege of the same; and discharge such other duties as are directed by the president. There is nothing in the provisions of the statute or in the rules of the board prescribing the duties of these officers which indicates in any manner that it is essential to the proper discharge of their duties that there shall be close personal relations between them and the members of the board of aldermen or its president, or that they shall be intrusted with any secrets or confidence that it would be injurious to the public welfare to have divulged. It is stated in the affidavits of the president that they are required to be present at the meetings of the committee of the board and in executive sessions. There is nothing to this effect in the rules. The committee meetings manifestly must be held in public, the same as the sessions of the board

itself. What occasion, if any, there may be for executive sessions is not disclosed by the record, or by any provision of law to which our attention has been drawn. It is manifest that the proper performance of the official duties of the members of the board of aldermen do not require the holding of executive sessions. If they see fit to hold such sessions voluntarily, that is slight excuse for the pretext that they will not need not only the sergeant at arms, but his assistants, at such secret sessions, and that this makes all of these positions "strictly confidential," for the reason that by such attendance they may acquire some knowledge that it would not be desirable to have made public. It is difficult to frame any general rule to define what is meant in this statute by the words "strictly confidential." It requires something more than the mere performance of official duties of a clerical nature under the direction of another; and the trend of the decisions is to the effect that, to fall within the exemption on this ground, the position must be one necessarily involving personal relations of a secret nature between the appointee and the appointing power that it would be injurious to the public interests to have divulged, or requiring skill, judgment, trust, and confidence, and involving either the delegation of duties or financial responsibility for their faithful discharge. People v. Sutton, 88 Hun, 171, 34 N. Y. Supp. 487; People v. Barker, 14 Misc. Rep. 360, 35 N. Y. Supp. 727; Chittenden v. Worster, 152 N. Y. 345, 46 N. E. 857, 37 L. R. A. 809; People v. Comptroller of Brooklyn, 152 N. Y. 399, 46 N. E. 852; People v. Tobey, 153 N. Y. 387, 47 N. E. 800; People v. Gardner, 157 N. Y. 520, 52 N. E. 564; People v. Coler, 31 App. Div. 523, 52 N. Y. Supp. 197; Id., 157 N. Y. 676, 51 N. E. 1093; People v. Dalton, 41 App. Div. 458, 58 N. Y. Supp. 929; Id., 160 N. Y. 686, 55 N. E. 1099. In my opinion, an assistant sergeant at arms does not hold "a strictly confidential relation to the appointing officer." If there be anything in the contention with respect to executive sessions, it is manifest that the presence of the sergeant at arms would be sufficient for all purposes, and, if there be any confidential relations between the board of aldermen and any of these officers, the sergeant at arms would be the one.

For these reasons I think the petitioner was entitled to a peremptory writ of mandamus reinstating and transferring him to the position of assistant sergeant at arms to the board of aldermen.