In the Matter of the Application of JOHN J. SHAUGHNESSY, Appellant, for a Peremptory Writ of Mandamus against CHARLES V. FORNES et al., Constituting the Board of Aldermen of the City of New York, Respondents.

NEW YORK (CITY OF) — POWER OF BOARD OF ALDERMEN TO ELECT ITS OWN OFFICERS AND APPOINTEES NOT RESTRICTED BY STATUTORY PROVISIONS RELATING TO VETERAN SOLDIERS AND CIVIL SERVICE POSITIONS. A veteran soldier, who was an assistant sergeant-at-arms to the council of the city of New York when the council was abolished and its powers and duties imposed upon the board of aldermen by the new charter of the city (L. 1901, ch. 466), is not entitled to a writ of mandamus requiring the board of aldermen to elect him to the position of assistant sergeant-at-arms to that body, under the statute giving preference to veteran soldiers (L. 1899, ch. 370, § 21), or the provision of the charter (§ 1543) requiring that any clerk or employee of any department of the city whose position or employment may be abolished by the abolition of any department, or its consolidation with another, shall be reinstated in

the same or a similar position or employment in another department since the board of aldermen is a legislative body, with power to elect its own officers and attendants, untrammeled by the provisions of the statutes invoked by the relator, which were intended to govern appointments in the various departments of the civil service of the city, and have no application to elective officers or appointees.

*Matter of Shaughnessy* v. *Fornes*, 73 App. Div. 462, affirmed.

(Argued October 7, 1902; decided November 11, 1902.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 12, 1902, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the defendant to transfer him to the position of assistant sergeant-at-arms to the board of aldermen of the city of New York.

The facts, so far as material, are stated in the opinion.

*Thomas H. York* for appellant. The appellant is still in the public service and should be transferred and reinstated as assistant sergeant-at-arms to the board of aldermen of the city of New York. He cannot by reason of the abolition of the council be suspended or removed from the public service, nor can the amended charter of the city of New York be construed to permit his suspension or removal. (L. 1899, ch. 370, § 21; L. 1901, ch. 533; L. 1901, ch. 466, § 1543; *Matter of Breckenridge*, 160 N. Y. 103; *People ex rel.* v. *Scannell*, 27 Misc. Rep. 734; *Matter of Stutzbach*, 62 App. Div. 219; 168 N. Y. 416; *Matter of Pratt* v. *Phelan*, 67 App. Div. 349.) The appellant was not "a person holding a strictly confidential position." (L. 1899, ch. 370, § 21; *People ex rel.* v. *Coler*, 31 App. Div. 523; *People ex rel.* v. *Lyman*, 157 N. Y. 368; *People ex rel.* v. *Gardiner*, 157 N. Y. 520; *People ex rel.* v. *Palmer*, 152 N. Y. 220; *People ex rel.* v. *Wurster*, 151 N. Y. 360; *People ex rel.* v. *Barker*, 14 Misc. Rep. 360; *People ex rel.* v. *Sutton*, 88 Hun, 173; *People ex rel.* v. *Dalton*, 158 N. Y. 204; *People ex rel.* v. *Tobey*, 153 N. Y. 387.) The position held by appellant prior to the 1st day of January, 1902, comes within the provisions of section 1543 of the charter of

the city of New York as amended, and he should have been transferred as assistant sergeant-at-arms to the board of aldermen, there being vacancies in such positions in said board. Said section 1543 is without limitation or qualification, and covers public employees of every class, who do not hold important municipal office. (*Matter of Breckenridge*, 160 N. Y. 103 ; *Matter of Pratt* v. *Phelan*, 67 App. Div. 349.)

*George L. Rives, Corporation Counsel* (*Theodore Connoly* and *William B. Crowell* of counsel), for respondent. An assistant sergeant-at-arms is a strictly confidential officer who is elected and not appointed. (L. 1897, ch. 387, § 27 ; *Matter of Ostrander*, 12 Misc. Rep. 476 ; 146 N. Y. 404 ; *People ex rel.* v. *Gardiner*, 157 N. Y. 520 ; *People ex rel.* v. *Dalton*, 158 N. Y. 204 ; *People ex rel.* v. *Tobey*, 153 N. Y. 381.) Each legislative body, on its formation, has a right to elect its own assistant sergeant-at-arms. (*Wetmore* v. *Storey*, 22 Barb. 414 ; *Anderson* v. *Bunn*, 6 Wheat. 204 ; *People ex rel.* v. *Keeler*, 99 N. Y. 463 ; *Briggs* v. *Matsell*, 2 Abb. Pr. 156 ; *Mongeon* v. *People*, 55 N. Y. 613 ; *Nash* v. *White's Bank*, 105 N. Y. 243.)

O'Brien, J.   The courts below have denied the relator's application for a peremptory writ of mandamus, requiring the board of aldermen of the city of New York to elect him to the position of an assistant sergeant-at-arms to that body. There is no dispute with respect to the facts. The relator is a veteran soldier, and on the 6th of December, 1898, was appointed an assistant sergeant-at-arms to the council of the city of New York, pursuant to section twenty-seven of the charter. At the time of his appointment the municipal assembly consisted of the council and board of aldermen. By an amendment of the charter (Chapter 446, Laws of 1901) the legislative power of the city became vested in the board of aldermen ; the council being thus abolished, all the powers and duties theretofore exercised by the municipal assembly were devolved upon the board of aldermen. This

new board has power, among other things, to appoint a ser-
geant-at-arms and assistants.  The relator, being a veteran
soldier and having been an assistant sergeant-at-arms of the
council as it existed prior to the amendment of the charter,
claims that upon the abolition of that body he was entitled to
be transferred to a similar position in the board of aldermen.
This claim is made under section twenty-one of chapter three
hundred and seventy of the Laws of 1899.  That statute, by its
terms, has no application to certain positions therein described
as confidential, and the principle upon which this case has
been decided was that an assistant sergeant-at-arms occupies
confidential relations to the appointing body, and, hence, was
excepted from the requirements of the statute giving prefer-
ence to veterans.

It may be that the position of assistant sergeant-at-arms to
the board of aldermen is what the statute describes as confi-
dential; but we do not think it necessary to pass upon that
question in this case, since there is a broader ground upon
which we prefer to place our decision.  The board of alder-
men is a legislative body.  It has the power to elect its own
officers and attendants, and neither the statute giving prefer-
ence to veteran soldiers nor section fifteen hundred and forty-
three of the charter has any application to such a position.
These statutes were obviously intended to govern appoint-
ments in the various departments of the civil service of the city.
They have no application to elective officers or appointees.
No one yet has asserted that the general laws in regard to
veteran soldiers, or the statute which regulates appointments
in the civil service, have any application to legislative bodies.
The senate and assembly of this state still have the power to
elect their own officers and attendants, untrammeled by any
of the restrictions contained in the Civil Service Law, or any
other statute in regard to appointments.  The same principle
is applicable to the board of aldermen of the city of New
York.  There is no law that we are aware of which requires
that body to elect any particular person to the position of
assistant sergeant-at-arms; and so, whether the position is

confidential or not, the relator was not entitled to compel the board by mandamus to elect him.

The case was correctly decided below, and the order appealed from should be affirmed, with costs.

PARKER, Ch. J., HAIGHT, VANN, CULLEN and WERNER, JJ., concur; BARTLETT, J., not voting.

Order affirmed.