(39 Misc. Rep. 454.)

PEOPLE ex rel. WIEGAND v. CANTOR, President of Borough of Manhattan.

(Supreme Court, Special Term, New York County. December, 1902.)

1. MUNICIPAL CORPORATION—CONFIDENTIAL EMPLOYES—SUMMARY DISMISSAL.
    Laws 1897, c. 378, § 1543, as amended by Laws 1901, c. 466, provides that a regular clerk in the employment of the city of New York cannot be removed without an opportunity to explain. *Held*, that a cashier of the commissioner of public works, who receives money, and issues permits to open streets, and accounts for the moneys weekly to the city chamberlain, and accounts for moneys deposited as special security against damages to sidewalks and pavements, and receives money from other bureaus in the department of highways, and accounts for them, is not a regular clerk under such chapter, but holds a confidential position, and may be discharged without a hearing, especially where his position is classified by the civil service commission in the noncompetitive list.

Application by the people on the relation of Albert C. Wiegand, for writ of mandamus against Jacob A. Cantor, president of the borough of Manhattan. Denied.

Thomas J. Curran, for petitioner.
George L. Rives, Corp. Counsel, for defendant.

LEVENTRITT, J.  The relator seeks by mandamus reinstatement to the position of cashier in the office of the commissioner of public works. Both at the time of his appointment and removal his position was classified in the noncompetitive list, and ranked as confidential. He was removed without any charges being preferred or hearing had, and his application is based upon the contention that this was in violation of section 1543 of the Greater New York charter, as amended chapter 466, Laws 1901. While the classification by the civil service commission is not controlling, it indicates the conclusion reached by the board whose duty it is to classify positions in the municipal civil service. Their conclusion that relator's position was confidential is fortified by his own recital of his duties. He summarizes them as follows:

"(1) To issue permits to open streets for repairs to water and sewer pipes or to make connections with water mains and sewers; to receive moneys paid for such permits. (2) To enter the amounts received for issuing the aforesaid permits in books provided for that purpose; to keep a correct and true account of the moneys so received, and to transmit weekly to the city chamberlain sworn statements or returns of the amounts so received, as well as the said moneys. (3) To receive all moneys deposited as special security against damage to sidewalk pavements, giving receipts therefor; making weekly returns thereof to the comptroller of the city of New York, and taking his receipt therefor. (4) To enter amounts received for such special security deposits in books provided for that purpose, and keep correct account of same. (5) To receive from the other bureaus in the department of highways all moneys paid to them, and to give receipts therefor; to make a summary of all moneys received each week for the special, general, and sinking funds and the special security deposits, and to render quarterly, semiannual, and annual reports of all moneys received, and the respective funds to which they had been credited."

Herefrom the relator erroneously concludes that his position was not confidential, but that of a "regular clerk," and within the protection of section 1543, which forbade the removal of a regular clerk without an opportunity of making an explanation. On his own showing the relator's position is one requiring the trust and confidence of the appointing officer. His duties were not of a mere clerical nature, and the classification made by the civil service commission is, in my opinion, in full accord with the authorities. Shaughnessy v. Fornes, 73 App. Div. 462, 77 N. Y. Supp. 223, affirmed 172 N. Y. 323, 65 N. E. 168; People v. Palmer, 152 N. Y. 217, 46 N. E. 328; People v. Tobey, 153 N. Y. 381, 47 N. E. 800; In re Ostrander, 12 Misc. Rep. 476, 34 N. Y. Supp. 295, affirmed People v. Morton, 146 N. Y. 404, 42 N. E. 543. As the relator's papers fail to establish that he is entitled to relief, an alternative writ issued thereon would be unavailing.

.Motion denied.