(42 Misc. Rep. 355.)

PEOPLE ex rel. HILLMAN v. SCHOLERS et al., Coroners.

(Supreme Court, Trial Term, New York County. January, 1904.)

1. MUNICIPAL CORPORATIONS—CORONERS—CHIEF CLERK—REMOVAL.
    The chief clerk of the coroner of the borough of Manhattan, though not subject to competitive examination, and though his position is in the classified municipal service, is a "regular clerk," within the charter of the city of New York, § 1543, and cannot be removed, where his duties are not confidential, except on the service of charges and a hearing.

Application by the people on the relation of William S. Hillman, for writ of mandamus to Gustav Scholers and others, coroners of the borough of Manhattan, city of New York. Writ granted.

Crandall & Hunter (C. E. Hunter, of counsel), for relator.

George L. Rives, Corp. Counsel (John F. O'Brien, Asst. Corp. Counsel), for respondents.

CLARKE, J. Trial of the issues raised by an alternative writ of mandamus and the return thereto by the court without a jury. On January 1, 1902, relator was appointed chief clerk in the coroner's office of the borough of Manhattan. On November 14, 1902, he was removed therefrom. No charges were served upon him, nor was he given an opportunity to make an explanation. He sues out the writ to compel his reinstatement. He is not a veteran, nor is he an exempt fireman. He was not the "head of a bureau." And while his position was in the classified municipal civil service, it was not "subject to competitive examination." Therefore his sole ground for the relief de-

manded is that he was a "regular clerk," and, as such, could not be removed until he had "been allowed an opportunity of making an explanation." Section 1571 of the charter (Laws N. Y. 1901, p. 646, c. 23) provides:

"The coroners in each borough shall have an office in said borough and shall appoint a clerk who shall receive an annual salary ,to be fixed by the board of estimate and apportionment and the board of aldermen, and such and so many assistant clerks as shall be provided for in the annual budget."

Section 12 of chapter 370 of the Laws of 1899 (the Civil Service Law) par. 4, provides:

"There may be included in the exempt class all other subordinate offices for the filling of which competitive or non-competitive examination may be found to be not practicable."

Rule 6 of the municipal civil service rules provides:

"Appointments to positions in Schedule A, part I, may be made without examination."

And in the schedule, under "Coroners," we find:

"Schedule A, part I. one chief clerk in each borough office; one replevin clerk in each borough office."

Hence the position was not subject to examination. The respondents claim that, as the position was not subject to examination, that is conclusive upon their right to remove the relator without assigning any cause therefor, and without giving him any opportunity to explain. The civil service law itself contains no restriction upon removals, except in so far as veterans or exempt firemen are concerned. And even this section (21) provides:

"Nothing in this section shall be construed to apply to the position of private secretary or deputy of any official or department or to any other person holding a strictly confidential relation to the appointing officer."

That law is concerned with the entrance into, and promotion in, the service. The provision relied upon by relator, now embodied in section 1543 of the charter, antedates the civil service amendment to the Constitution, and the laws framed thereunder, by many years; it being found in the consolidation act of 1873 (Laws 1873, p. 484, c. 335), and many times construed as conferring a substantial right upon "regular clerks." It is quite true that the Appellate Division, in Matter of Shaughnessy v. Fornes, 73 App. Div. 462, 77 N. Y. Supp. 223, said:

"The municipal civil service commission of the city of New York has placed sergeants at arms in the noncompetitive list, ranking those positions as confidential; and, while that is not conclusive on the subject, yet it furnishes the interpretation put upon the law by those authorized and required by the law to make the distinctions and classifications of those seeking appointment to office under the municipal government of the city of New York."

The Court of Appeals, in affirming the judgment in that case (172 N. Y. 323, 65 N. E. 168), said:

"It may be that the position of assistant sergeant at arms to the board of aldermen is what the statute describes as confidential, but we do not think it necessary to pass upon that question in this case, since there is a broader ground upon which we prefer to place our decision."

And in People ex rel. Berlinger v. Wells, 85 App. Div. 378, 83 N. Y. Supp. 376, the court, citing the above cases, said:

"As thus stated, while not conclusive, such classification in a noncompetitive schedule is entitled to great weight in doubtful cases, because it would seem to be anomalous that one should be appointed without examination or competition to a position upon the ground that it was a confidential one, and then, when the position had been thus secured, should not be subject to removal because the position was not confidential."

It thus becomes necessary, as in the last case cited, to examine into the facts as to the services required of and rendered by relator in his position as chief clerk, to which he was appointed as in the exempt class, without examination, to determine whether those services were those of a regular clerk, or were of a confidential nature. In the first place, the provision of law under which he was appointed designates him as "clerk." He did not attend with any of the coroners at their inquisitions. Each coroner was so attended by his private clerk. Relator did not act as secretary of the board, or attend any of its meetings, except when called in if it became necessary to explain any of the entries in the books. He did not open any of the mail, nor did he write any letters for the board or the individual coroners. He was in charge of the records of the office, and made himself many of the entries therein. His duties were, so far as I can see, purely those of a clerk, and practically identical with those of the assistant clerk, who was in the competitive class. I have carefully considered the cases cited by the corporation counsel, and I fail to find any evidence to warrant a finding that the relator's services were any more "confidential" than those of any other clerk in the coroner's office or in any other of the departments. Therefore I am constrained to hold that, notwithstanding his position was in the exempt class, and so not subject to examination, yet that he came within the provisions of section 1543 of the charter. Said provision is not confined to persons so holding competitive positions. It is, "but no regular clerk or head of a bureau or person holding a position in the classified civil service subject to competitive examination shall be removed," etc.; showing clearly that it was the intention to require charges and opportunity for explanation to clerks who obtained their position otherwise than by examination, before they could be removed. If it were a doubtful case, I should follow the reasoning of the learned Appellate Division, undoubtedly, and resolve the doubt against the relator, because it is anomalous that a man should get a position upon one assumption, and then resist removal upon the ground that that assumption was incorrect. Nevertheless, as I understand the term "confidential," and as it has been construed, relator held no such relation to the board of coroners. He is entitled to the relief prayed.

Ordered accordingly.