### O'GRADY v. POLK et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. MUNICIPAL CORPORATIONS (§ 133*) — PUBLIC EMPLOYÉS — CIVIL SERVICE — "LEGISLATIVE BODY"—EMPLOYÉS.

    The board of aldermen of the city of New York is a "legislative body," · within Civil Service Law (Laws 1899, p. 798, c. 370) § 8, providing that the unclassified service shall comprise officers and employés of a legislative body.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 133.*

    For other definitions, see Words and Phrases, vol. 5, p. 4087.]

2. WORDS AND PHRASES—"LEGISLATIVE OFFICERS."

    Bouvier defines "legislative officers" as those whose duties relate mainly to the enactment of laws.

    [Ed. Note.—For other definitions, see Words and Phrases, vol. 5, p. 4088; vol. 8, p. 7704.]

3. MANDAMUS (§ 187*)—APPEAL—CONCLUSIVENESS OF RETURN.

    Where a peremptory writ of mandamus has been awarded in the face of opposing affidavits, the return must be regarded as true on review, the same as if relator had demurred thereto.

    [Ed. Note.—For other cases, see Mandamus, Dec. Dig. § 187.*]

4. MUNICIPAL CORPORATIONS (§ 216*)—CIVIL SERVICE—LEGISLATIVE EMPLOYÉS —"UNCLASSIFIED SERVICE."

    As the services rendered by appointees in the office of the city clerk and clerk of the board of aldermen of the city of New York are in the main legislative, such appointees, are in the "unclassified service," within Civil Service Law (Laws 1899, p. 798, c. 370) § 8, providing that the unclassified service shall comprise all legislative officers and employés, though such appointees are not directly appointed by the board of aldermen, but by the city clerk, himself elected by the board.

    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § · 216.*]

5. MUNICIPAL CORPORATIONS (§ 216*) —PUBLIC EMPLOYÉS—CIVIL SERVICE—LEGISLATIVE EMPLOYÉS—"UNCLASSIFIED SERVICE."

    As employés in the office of the city clerk and clerk of the board of aldermen of the city of New York are appointed to discharge legislative

---

duties. and· as the services rendered by them are mainly legislative, they are in the "unclassified service," within Civil Service Law (Laws 1899, p. 798, c. 370) § 8, providing that the unclassified service shall comprise all legislative officers and employés, notwithstanding they may also aid the city clerk in the discharge of other duties not legislative.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 216.*]

Appeal from Special Term, Kings County.

Application by William L. D. O'Grady for a peremptory writ of mandamus against Frank L. Polk and others, as Civil Service Commissioners of the City of New York, and others. From an order denying the writ, relator appeals. Affirmed.

The mandamus sought was to the city clerk of the city of New York, requiring him to request the Municipal Civil Service Commission to adopt a rule placing all positions in the office of the city clerk of the city of New York in the classified service of the civil service of the city, and requiring the Municipal Civil Service Commission to adopt such rule, and requiring the mayor and State Civil Service Commission to approve the same.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

John E. Walker, for appellant.

William B. Crowell (Theodore Connoly, on the brief), for respondents.

JENKS, J. The city clerk and the clerk of the board of aldermen of the city of New York, for he is necessarily one and the same person (section 28, Greater New York Charter [Laws 1901, p. 17, c. 466]), is elected by that board, which is a legislative body, within the purview of section 8 of the civil service law (Laws 1899, p. 798, c. 370). Matter of Shaughnessy v. Fornes, 172 N. Y. 323, 65 N. E. 168. Bouvier defines legislative officers as "those whose duties relate mainly to the enactment of laws." Examination of the duties prescribed for the clerk shows that they are of this character. Sections 28, 29, 31, 32, 37, Charter. The provision in the charter that he may appoint such deputies or clerks as are necessary to the discharge of his duties (section 23) is made, of course, in contemplation of the circumstance that he alone cannot discharge the duties; but in the eye of the law the duties are discharged by him, although the volume thereof requires the aid of these agents, and if such duties are legislative they still remain legislative. The return of the city clerk and the clerk of the board of aldermen, which we must regard as true (People ex rel. P. C. Savings Bank v. Cromwell, 102 N. Y. 477, 7 N. E. 413; People ex rel. Dady v. Coler, 171 N. Y. 373, 64 N. E. 149), shows that the services rendered by those appointees are in the main legislative.

The contention of the learned counsel for the relator is that these appointees are without the unclassified class, because they are not appointed by the legislative body, but the city clerk. This contention is not justified by the words of the statute applicable to this case, which are: "All legislative officers and employés." If the Legislature intended to limit such officers and employés to those directly appointed by

this legislative body, it could readily have so declared. I think that the qualification of an office or place as legislative is determined by the main duties thereof, and not by the fact that the placeman is elected or appointed by the legislative body itself. A policeman of the city of New York is a policeman none the less, although he is not appointed by the Legislature, the body primarily vested with the police power. Moreover, these deputies and employés are appointed by a legislative officer directly chosen by the legislative body. The method of appointment is but one of convenience, and does not affect the character of the duties of the appointees. I am confirmed in the opinion that such appointees are within the unclassified class by the expression of this court in the First department. People ex rel. Martin v. Scully, 56 App. Div. 302, 67 N. Y. Supp. 839.

It is also contended that these employés are outside of the unclassified class for the reason that they aid the city clerk in the discharge of other official duties cast upon him which are not legislative. Even if this were so, this circumstance would not determine that the duties of these appointees were not legislative, provided they were appointed to discharge legislative duties and the work done by them was mainly legislative. The city clerk and clerk to the board of aldermen returns that, when the board of aldermen and its committees are in session, his force is not sufficient to do the work of that body; that the entire force is engaged in such work; that the board meets once a week in every month, save in August and September; that its committees meet daily, and that sometimes several committees meet at the same time; and that, outside of the lull in summer, he and all helpers can only keep abreast of this work; and he also returns that there is no division of work in his office between the duties of city clerk and those of clerk to the board of aldermen. These allegations, as I have said, must be taken by us as true.

If the relator have a grievance, it arose on January 1, 1898, at the time he came into the office of the city clerk, and so I am inclined to the opinion that the relator has shown laches in his application. See People ex rel. Miller v. Sturgis, 82 App. Div. 580, 81 N. Y. Supp. 816, appeal dismissed 178 N. Y. 632, 71 N. E. 1137.

The order is affirmed, with $10 costs and disbursements. All concur.