(72 Misc. Rep. 438.)

## In re WEAVER.

(Supreme Court, Special Term, Rensselaer County. June, 1911.)

1. OFFICERS (§ 68*)—REMOVAL—APPLICATION OF CIVIL SERVICE RULES.
    Civil Service Law (Consol. Laws 1909, c. 7) § 22, protecting honorably discharged soldiers on the civil service list from summary discharge, applies to veterans who are officials, as well as to employés.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 97; Dec. Dig. § 68.*]

2. OFFICERS (§ 68*)—REMOVAL—APPLICATION OF CIVIL SERVICE RULES—"SUBORDINATE OFFICER."
    A "subordinate officer," within the civil service law (Consol. Laws 1909, c. 7), is one subject to the direction and control of a superior officer; and special agents appointed under Liquor Tax Law (Consol. Laws, 1909, c. 34) § 7, providing that such agents shall, under the direction of the commissioner and as required by him, investigate, etc., are subordinate officers.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 97: Dec. Dig. § 68.*
    For other definitions, see Words and Phrases, vol. 7, p. 6720.]

3. OFFICERS (§ 68*)—REMOVAL—APPLICATION OF CIVIL SERVICE RULES.
    The provision of Civil Service Law (Laws 1899, c. 370) § 21, that it shall not apply to a strictly confidential position, having been repealed by Laws 1902, c. 270, an honorably discharged soldier, who has been appointed a special agent under Liquor Tax Law (Consol. Laws 1909, c. 34) § 7, after competitive examination, cannot be summarily discharged, even though his position be a confidential one.
    [Ed. Note.—For other cases, see Officers, Cent. Dig. § 97; Dec. Dig. § 68.*]

Application by Calus A. Weaver for a peremptory writ of mandamus to William W. Farley, as State Commissioner of Excise, to compel the reinstatement of relator to the position of special agent in the department of excise. Application granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Salisbury & Halter and Lewis E. Griffith, for applicant.

A. M. Sperry (Charles Firestone, of counsel), for State Commissioner of Excise.

HOWARD, J. On August 17, 1896, Caius A. Weaver was appointed to the position of special agent in the department of excise. He was appointed from a civil service list. He was an honorably discharged soldier. On April 15, 1911, he was summarily discharged by the state commissioner of excise. Stated charges were not preferred against him, and he was not afforded an opportunity to be heard. The relator contends that his discharge was in violation of section 22 of the civil service law (Consol. Laws 1909, c. 7), and he asks to be reinstated by mandamus. The respondent asserts that the relator was not protected by the civil service law because, first, employés only, and not officials, are so protected; and, second, because the position is a strictly confidential one.

[1] The contention that only those veterans who are employés, and not those who are officials, are protected from summary removal, has no support, either in the Constitution, the statutes, or the decisions. Section 22 of the civil service law expressly refers to *"offices,* positions or employments"; and, in People ex rel. Jacobus v. Van Wyck, 157 N. Y. 504, 52 N. E. 559, it is said the term "position" may include *officers* and employés; also, in People ex rel. McKnight v. Glynn, 56 Misc. Rep. 35, 106 N. Y. Supp. 956 (a case cited by the respondent), the court said:

" * * * No inference can be drawn that it was intent of the Legislature to change the policy of the state * * * in so radical a manner as to include within the purview of those sections, in addition to subordinate *offices* and positions, independent offices and positions of a quasi judicial character and those involving the exercise of acts of discretion."

[2] A subordinate officer is one "subject to the direction and control of a superior officer." People ex rel. Jacobus v. Van Wyck, 157 N. Y. 506, 52 N. E. 562. Section 7 of the liquor tax law (Consol. Laws 1909, c. 34) says:

"Such special agents * * * shall, *under the direction of the commissioner, and as required by him,* investigate," etc.

The mere casual reading of this section shows that a special agent is a subordinate officer "subject to the direction and control" in all things of the state commissioner of excise.

In People ex rel. Jacobus v. Van Wyck, 157 N. Y. 504, 52 N. E. 561, it was said:

" * * * The word 'position,' in the connection in which it is used, is *intended to embrace all subordinate places* in the public service, and that the statute is limited in its operations to those engaged in the public employment, as that term is ordinarily used, which does not include the more important municipal offices."

If, therefore, the position is subordinate, it is immaterial whether the incumbent is an official or an employé.

[3] Up until 1902 Civil Service Law (Laws 1899, c. 370) § 21, provided:

"But the provisions of this act are not to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential position."

Chapter 270 of the Laws of 1902 struck from the civil service law the words "or to any other person holding a strictly confidential position." The repeal of these words, leaving the provisions of the act so that they apply to the relator's position, even though it be a confidential one, disposes of the respondent's contention that the relator is not protected from summary removal, providing that the Constitution itself does not intervene to the contrary. The respondent asserts that it does, and his position goes to the root of the matter, for he contends that the relator was improperly appointed. He argues that, the position being a confidential one and it being impracticable either to determine the fitness of the applicant, to provide for his appointment, or to direct concerning his removal by the civil service law, that law does not, therefore, in fact control nor affect the position; and the mere fact that he got into the position in violation of the spirit of the Constitution does not permit him to avail himself now of its provisions concerning the removal of veterans.

Section 7 of the liquor tax law defines the position of special agent as follows:

"Such special agents shall be deemed the confidential agents of the state commissioner."

In People ex rel. Sweet v. Lyman, 157 N. Y. 368, 52 N. E. 132, the position of special agent was expressly held to be confidential. And so it would seem that both the statutes and the courts have declared the position to be a confidential one.

The Constitution provides that the merit and fitness of all applicants for appointive positions shall be ascertained "so far as practicable by examinations." Article 5, § 9. Therefore it must be determined here whether it is practicable to ascertain, by an examination, the fitness of an applicant for a confidential position. An expression of judicial opinion on this question, in the abstract, would be of little value. The only way to be certain whether it is practicable is to test it. So far as the position in question is concerned, the practicability of ascertaining the fitness of incumbents by examination has been tested for 15 years. Ever since the establishment of the department in 1896, every agent has been appointed from a civil service list after an examination. The merit and fitness of the first quota of appointees of this position, as well as that of their successors, have been ascertained in this manner. This method of determining the fitness of this large staff of officials has in no manner crippled the department nor impaired its usefulness. The department has been a success beyond the hope of its inventors. Therefore, so far as an actual test goes, it is not only practicable, but apparently advisable, to ascertain the merit and fitness, and thus continue the efficiency, of applicants for the place by examination. Experience determines the practicability of all untried propositions and projects. Here experience has determined in favor of the examination.

No reported case, so far as I am aware, asserts a contrary doctrine. Matter of Ostrander, 12 Misc. Rep. 476, 34 N. Y. Supp. 295, affirmed by the Court of Appeals, 146 N. Y. 404, 42 N. E. 543, and greatly relied upon by respondent, does not in any sense hold the Constitution to mean that, when a position is confidential, it is therefore impracticable to determine the merit and fitness of the applicant by examination. It simply alleges as fact (without laying down any rule of law on this particular subject) that the Governor and civil service commission declared a certain position to be confidential and not subject to examination, which was, in effect, for them to say, employing the word used in the Constitution, that it is not "practicable" to ascertain fitness in such cases by examination. That the Governor and the commission did so declare indicates their opinion but does not necessarily indicate the purpose of the Constitution.

The civil service provision of the Constitution contains two main purposes—efficiency of the public service, and solicitude for the preference therein of the old soldier. Any construction of the Constitution which defeats either of these purposes runs counter to the spirit of the people who adopted the Constitution. For 15 years the relator has faithfully discharged the duties of his office. No charge of misconduct is preferred against him. He is to-day competent, experienced and trustworthy. To hold that he may be summarily discharged from his position simply because it is a confidential one is entirely subversive of the wish of the people, expressed in the Constitution, that veterans be preferred in the public service. But, if the thought as to veterans be passed, the good of the civil service of the state, the primary purpose of all civil service laws, remains to be considered. Almost all subordinate positions are, to some extent, frequently to a considerable extent, confidential; and it is not in accord with the spirit of the Constitution in this respect that all such places should be exempted from examination. The good of the service does not require it. It requires the opposite; and the good of the service, above all other things, is that which the Constitution seeks.

Application granted.