WILLIAM TERHUNE, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

Under the New York city charter of 1873 (§§ 28, 76, chap. 335, Laws of 1873), plaintiff was appointed "inspector of combustibles" by the fire commissioners; he was removed and S. appointed in his place; but under a decision of the Supreme Court determining that his removal was unauthorized and illegal, plaintiff was reinstated; S. performed the duties and received the salary of the office from the time of his appointment until such reinstatement. *Held,* that plaintiff could not maintain an action against the city to recover the salary during the time he was kept out of office.

The payment of the salary of an office to a *de facto* officer while he is hold-ing the office and discharging its duties is a defense to an action by the *de jure* officer to recover the same salary.

The fire commissioners of the city of New York are public officers, not agents of the city, and for their acts in wrongfully removing an officer in the fire department, the city is not liable.

(Argued February 9, 1882; decided February 28, 1882.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made June 6, 1881, which reversed a judgment in favor of plaintiff, entered upon a verdict.

The nature of the action and the material facts are set forth in the opinion.

*Roswell D. Hatch* for appellant. Plaintiff, for the wrongful discharge or exclusion from service alleged in the complaint, was entitled to recover damages for a breach of the contract. (*Howard* v. *Daly*, 61 N. Y. 362; *Polk* v. *Daly*, 14 Abb. Pr. [N. S.] 156; *Moody* v. *Leverich*, id. 145; *Weed* v. *Burt*, 78 N. Y. 191; Aff'd, 7 Daly, 267; *Masters* v. *Stratton*, 7 Hill, 101; *Wilber* v. *Brown*, 8 Denio, 356; *Swift* v. *The Mayor*, *etc.*, 83 N. Y. 534.) The removal, although illegal, excused plaintiff from all obligation to appear and report for service from day to day. (*Howard* v. *Daly*, 61 N. Y. 362; *People*, *ex rel. Cook*, v. *B'd of Police*, 39 id. 506, 518.) In this action the measure of damages is *prima facie* the amount of the sal-ary for the entire term. (*Howard* v. *Daly*, 61 N. Y. 362; *S. C.*, 19 Am. Rep. 285; *Dolan* v. *The Mayor, etc.*, 68 N. Y. 278, 280; *S. C.*, 23 Am. Rep. 168; Aff'g 8 Hun, 440; *Angell* v. *Hartford Ins. Co.*, 59 N. Y. 171; *S. C.*, 17 Am. Rep. 322.)

*D. J. Dean* for respondent. By the action of the fire commissioners dismissing the plaintiff from his office, and ap-pointing Seery thereto, coupled with actual possession, the latter became the *de facto* incumbent of the office. (Laws of 1873, chap. 335, § 76; *People, ex rel. Munday*, v. *Fire Comm'rs*, 72 N. Y. 449; *Hamlin* v. *Dingman*, 5 Lans. 61; *Mayor* v.

*Flagg*, 6 Abb. 296 ; *Dolan* v. *Mayor*, 68 N. Y. 278 ; *People* v. *Collins*, 7 Johns. 549 ; *People* v. *Dean*, 3 Wend. 438 ; *People* v. *White*, 24 id. 540 ; *Morris* v. *People*, 3 Denio, 381 ; *Fowler* v. *Beebe*, 9 Mass. 231 ; 10 id. 291.)   The payment of the salary to Seery, the *de facto* incumbent of the office, is a defense on the part of the city to the claim of the plaintiff, as the officer *de jure* for the same salary.   (*Dolan* v. *Mayor*, 68 N. Y. 274.) Acts of public officers are valid, so far as they concern the public and third persons.   (*People* v. *Hopson*, 1 Denio, 574.)   A *de jure* officer may recover against the usurper the amount of his salary wrongfully received by him.   (*U. S.* v. *Addison*, 2 How. [U. S.] 174 ; *People, ex rel. Burnet*, v. *Miller*, 2 Mich. 459 ; *Glascock* v. *Lyons*, 20 Ind. 1 ; Code of Procedure, § 1953 ; *Mc Veaney* v. *Mayor*, 80 N. Y. 185.)   If plaintiff desired to protect his claim for salary, he should have instituted proceedings to restrain Serry from collecting it during the pendency of the proceedings by *certiorari*.   (*Mott* v. *Connolly*, 50 Barb. 516–519.)   The commissioners of the department have exceeded their authority, and are responsible for their wrongful act.   (*Cuyler* v. *Trustees of Rochester*, 12 Wend. 168 ; *Paulding* v. *Cooper*, 10 Hun, 20, 22 ; 74 N. Y. 619 ; *Adsit* v. *Brady*, 4 Hill, 630 ; *Robinson* v. *Chamberlain*, 34 N. Y. 389 ; *Fulton Fire Ins. Co.* v. *Baldwin*, 37 id. 648; *Hoover* v. *Barkhoof*, 44 id. 113 ; *Maximilian* v. *Mayor*, 62 N. Y. 163 ; *Laugher* v. *Painter*, 5 Barn. & Cres. 560 ; *Reedie* v. *N. W. R. R.* 4 Exch. 244 ; *Rapson* v. *Cubitt*, 9 M. & W. 709 ; *Quarman* v. *Bennett,* 6 id. 497 ; Dillon on Municipal Corporations, 772 ; *Tone* v. *Mayor*, 70 N. Y. 157 ; *Ham* v. *Mayor*, id. 459 ; *Russell* v. *Mayor*, 2 Denio. 461 ; *Anne Arundel Co.* v. *Duvall*, 54 Md.; 25 Alb. L. J. 16 ; *Smith* v. *Rochester*, 76 N. Y. 513.)

EARL, J.   Under sections 28 and 76 of the act chapter 335 of the Laws of 1873 the fire commissioners of the city of New York were authorized to appoint an inspector of combustibles, who was to be the principal officer of a bureau in the fire department, charged with the execution of all laws relating to

the storage, sale and use of combustible materials in the city of New York, and they had power to remove such officer at pleasure, provided prior notice of the cause of removal and an opportunity for making an explanation were first given.

Under these provisions of law the plaintiff was appointed inspector of combustibles in June, 1873, at a salary of $2,500 per year, and he held his office until August 31, 1877, when he was dismissed by the fire commissioners either without sufficient cause or without having had the prior notice and opportunity for explanation which the law entitled him to. He subsequently took proceedings to have the action of the fire commissioners in removing him reviewed, and the Supreme Court decided that his removal was unauthorized and illegal, and he was reinstated in his office.

Immediately upon his removal the fire commissioners appointed in his place Peter Seery inspector of combustibles, at the same salary, and he immediately entered upon the discharge of the duties of the office and received the salary thereof until the plaintiff was reinstated in the office. This action is to recover the salary of the office during the time the plaintiff was kept out of office by the action of the fire commissioners. At the trial term it was held that the plaintiff could recover, and judgment was rendered in his favor for the amount of salary claimed. The defendant then appealed to the General Term of the court and it reversed the judgment and granted a new trial.

We are of opinion that the judgment was properly reversed. The office of inspector of combustibles was a public salaried office, and during the period for which the salary is claimed, the office was actually held and the duties thereof were discharged by Seery and the salary was paid to him. He was in office under color of appointment by competent authority. He possessed the office and discharged its duties. That under such circumstances he took on the character of an officer *de facto* cannot be doubted. (*People* v. *White*, 24 Wend. 540; *People* v. *Cook*, 14 Barb. 259; *S. C.*, 8 N. Y. 67; *Lambert* v. *The People*, 76 id. 220.)

It is no longer open to question in this State that payment to a *de facto* officer while he is holding the office and discharging its duties is a defense to an action brought by the *de jure* officer to recover the same salary. (*Dolan* v. *The Mayor*, 68 N. Y. 278; *Mc Veany* v. *The Mayor*, 80 id. 185.)

But the plaintiff claims that his action may be treated as one to recover of the city damages for his wrongful dismissal from office. It is a sufficient answer to this claim that the city did not dismiss him from his office. The fire commissioners were public officers and not agents of the city. (*Maxmilian* v. *The Mayor*, 62 N. Y. 160; *Tone* v. *The Mayor*, 70 id. 157; *Ham* v. *The Mayor*, id. 459; *Smith* v. *The City of Rochester*, 76 id. 513.) The city is no more [liable for their wrong in dismissing the plaintiff than it would have been if they had committed an assault and battery upon him.

If the plaintiff has any remedy for the damages which he has sustained it must be by an action against the fire commissioners for his wrongful dismissal or by an action against Seery to recover the salary which as between him and the plaintiff he wrongfully received.

The order should be affirmed and judgment absolute given against the plaintiff, with costs.

All concur.

Order affirmed, and judgment accordingly.