JOHN GRAHAM, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

| 167      85
| 75 AD 364

NEW YORK CITY — ACTION FOR SALARY BY DEPARTMENT CLERK. A clerk in a department of one of the cities which, by chapter 378 of the Laws of 1897, was consolidated into the present city of New York, who, pursuant to section 1536 of that statute, has been assigned, by a proper certificate, to a department in the consolidated city, which has not been since abolished, and who has duly reported for work in such department and has not been discharged or removed, may maintain an action for his salary, and a defense that as a simple public employee he cannot recover compensation except for services rendered, his salary not being an incident to his position, cannot be sustained, even assuming that the action covers a period of time during a portion of which he did not actually render services, although ready and willing to do so, since a refusal to give him work was not equivalent to a dismissal which can only be made for cause, in conformity with the provisions of the city charter.

*Graham* v. *City of New York,* 55 App. Div. 627, reversed.

(Argued March 15, 1901; decided April 30, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 30, 1900, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Stephens* and *Thomas P. Burke* for appellant. The plaintiff became, on the 1st day of January, 1898, an employee of the defendant in the department of public buildings, lighting and supplies. (*Koelesch* v. *City of New York,* 34 App. Div. 98.) The plaintiff was never discharged or removed from the position to which he was assigned. (L. 1897, ch. 378, § 1536.) Until plaintiff was removed he continued to hold the position of clerk and was entitled to the salary attached thereto, whether he actually rendered services or not. (*Emmitt* v. *Mayor, etc.,* 128 N. Y. 117; *Smith* v. *City of Brooklyn,* 6 App. Div. 134; *Cook* v. *Mayor, etc.,* 9 Misc. Rep. 338; 150 N. Y. 578.)

*John Whalen, Corporation Counsel* (*William J. Carr* of counsel), for respondent. A simple public employee cannot recover compensation except for services rendered. His salary is not an incident to his position. (*Cook* v. *Mayor, etc.,* 9 Misc. Rep. 338; 150 N. Y. 578; *Higgins* v. *Mayor, etc.,* 131 N. Y. 128; *Quintard* v. *City of New York,* 51 App. Div. 233; *Douglas* v. *Board of Education,* 21 App. Div. 209; *Meyers* v. *Mayor, etc.,* 69 Hun, 293; *Van Valkenburgh* v. *Mayor, etc.,* 49 App. Div. 208; *McManus* v. *City of Brooklyn,* 5 N. Y. Supp. 424; *Hagan* v. *City of Brooklyn,* 126 N. Y. 643; *Kelly* v. *Mayor, etc.,* 54 N. Y. S. R. 99.)

BARTLETT, J. The plaintiff, prior to the taking effect of the Greater New York charter, was a clerk of the general improvement commission of Long Island City, having been appointed to that position after due examination and qualification under the Civil Service Law. This commission was created by chapter 644 of the Laws of 1893. The plaintiff continued in that position until January 1st, 1898, when the Greater New York charter took effect. The salary was twelve hundred dollars a year, payable in equal monthly installments.

It was found by the trial court that, pursuant to section 1536 of the charter, the plaintiff was duly assigned and transferred by a certificate dated December 30th, 1897, executed by the mayors of the then cities of New York, Brooklyn and Long Island City, and also by the county judge of Queens county, to the department of public buildings, lighting and supplies of the greater city of New York.

Under this assignment the plaintiff duly reported for work in said department to which he was assigned; that said department has neither abolished the office to which the plaintiff was so assigned, nor has it or the head of said department otherwise discharged or removed him, and by virtue of such assignment he became on the first day of January, 1898, a clerk in said department and entitled to receive the salary at the

rate received by him previously, to wit, one hundred dollars per month.

This action was brought to recover the salary which became due from January 1st, 1898, up to and including the thirty-first day of October, 1898, for the payment of which salary a demand was duly made by plaintiff on the comptroller of the city of New York on the twenty-second day of November, 1898, and more than thirty days before the commencement of this action.

As the learned Appellate Division, without writing an opinion, reversed on the law, these facts as found are conclusive on this appeal.

On the argument and in the briefs the counsel have dealt at length with the facts as bearing upon certain questions which in the present state of the record are not before us.

In *Steinson* v. *Board of Education of City of New York* (165 N. Y. 431) it was held that an assistant teacher in the public schools of the city of New York, who possesses an unrevoked license from the state superintendent of public instruction, licensing him to teach in any public school in the state of New York, and therefore whose employment by ward trustees was authorized, is not a public officer but an employee, and if discharged without right or cause may maintain an action for his salary; and a prior application for a peremptory writ of mandamus to compel its payment, which was denied, is not a bar to the action.

The case before us is much stronger than the one cited, as we have it conclusively established that the plaintiff was duly assigned by the statutory certificate to his new position; that he duly reported for work in the department in which he was to act as clerk; that said department was not abolished; that plaintiff had not been discharged or removed; that he became on the first day of January, 1898, a clerk in the said department and entitled to his salary for the period named. It is not found that there was no work for him to do and that he did no work during the period covered by this action.

The defense that is urged by the city in the brief of the

corporation counsel is that " a simple public employee cannot recover compensation except for services rendered; his salary is not an incident to his position."

It would be quite sufficient to point out that this question is not presented on the facts as found; but, assuming that this action covers a period of time during a portion of which the plaintiff, by reason of confusion and changes incident to the new charter taking effect, did not actually render services, although ready and willing to do so, it offers no legal defense to this action.

In case of *Steinson*, above cited, the claim covered a period of time when no actual services were rendered, but this court held that the employment of plaintiff was contractual; that his proper remedy was by action; and that his period of service was subject to no other limit than the power of removal for cause and the authority of the state superintendent of instruction to revoke his license; that plaintiff was discharged without right or cause and was entitled to recover.

In the case at bar a like situation exists, except there was no discharge of plaintiff.

Section 1543 of the charter provides that " no regular clerk * * * shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board. In case of removal, a statement showing the reason therefor, shall be filed in the department."

Section 1536 provides that clerks and subordinates of departments are removable for cause in accordance with the provisions of the charter.

There has been no attempt to remove the plaintiff for cause in conformity with these provisions, and we have a finding of fact that he has not been removed.

The cases cited by the corporation counsel in support of his claim that services were not rendered have no application to the case of a regular clerk. *Cook* v. *Mayor, etc., of N. Y.* (9 Misc. Rep. 338; affirmed, 150 N. Y. 578) involved the

rights of a guard at Blackwell's Island. *Higgins* v. *Mayor, etc., of N. Y.* (131 N. Y. 128) relates to a laborer at a dog pound.

The suggestion of the corporation counsel that the refusal to give plaintiff work was equivalent to a dismissal is based on an assumed state of facts not found, and ignores the provisions of the charter already cited.

We find no error of law on which the Appellate Division were justified in reversing the judgment in plaintiff's favor.

The order appealed from should be reversed and the judgment of the Special Term affirmed, with costs.

PARKER, Ch. J., MARTIN, VANN, CULLEN and WERNER, JJ., concur; GRAY, J., concurs in result.

Order reversed, etc.