(82 App. Div. 35.)

### MARTIN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—REINSTATEMENT—SALARY
    —PAYMENT TO TEMPORARY INCUMBENT.
        Where a clerk holding an appointive position in a municipal office was wrongfully removed, and subsequently reinstated, and his salary during the time of his removal was drawn by another, appointed to fill the vacancy, the clerk, not being a mere employé of the city, but holding an office to which the salary was incident, could not recover from the city the salary paid during his removal, but his remedy was by an action against the one who drew the salary for money had and received.

Appeal from Trial Term, New York County.

Action by Frank J. Martin against the city of New York. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, PATTERSON, and LAUGHLIN, JJ.

A. S. Gilbert, for appellant.
Theodore Connoly, for respondent.

LAUGHLIN, J. Prior to the 1st day of October, 1900, the plaintiff was a clerk in the office of the clerk of the board of aldermen of the city of New York, and held the position by due authority of law. On that day he was wrongfully removed by the city clerk, but subsequently, and on the 24th day of January, 1901, he was duly reinstated pursuant to the requirements of a writ of mandamus authorized by this court. People ex rel. Martin v. Scully, 56 App. Div. 302,

¶ 1. See Municipal Corporations, vol. 36, Cent. Dig. § 361.

67 N. Y. Supp. 839. The salary of such clerkship was fixed at the rate of $1,200 per annum. Another person was appointed to fill the vacancy created by the removal of the plaintiff, and he drew the salary in full for the period from the removal until the reinstatement of the plaintiff. The plaintiff, claiming to be entitled to the salary during the time he was ousted, brings this action to recover the same.

The plaintiff was not a mere employé of the city performing services under a contract of employment, like a teacher in a public school (Steinson v. Board of Education, 49 App. Div. 143, 63 N. Y. Supp. 128; Id., 165 N. Y. 431, 59 N. E. 300), but he rather held a particular office or position in the public service by appointment (Higgins v. The Mayor, 131 N. Y. 128, 30 N. E. 44; Emmitt v. The Mayor, 128 N. Y. 117, 28 N. E. 19; Smith v. Brooklyn, 6 App. Div. 134, 39 N. Y. Supp. 990), for which there was an annual salary, the salary being incident to the office or position; which brings the case within the rule that where a salary is paid to a de facto officer the remedy of the de jure officer is by an action against him for money had and received, and that no recovery can be had therefor against the municipality. Dolan v. The Mayor, 68 N. Y. 274, 23 Am. Rep. 168; Terhune v. The Mayor, 88 N. Y. 247; Demarest v. The Mayor, 147 N. Y. 203, 41 N. E. 405; McVeany v. The Mayor, 80 N. Y. 185, 36 Am. Rep. 600. While some of the reasoning of the Court of Appeals in Graham v. The City of New York, 167 N. Y. 85, 60 N. E. 331, as shown by the opinion, seems to be inconsistent with the decision in Higgins v. The Mayor, supra, yet in that case it does not appear that the salary had been paid to another, and we do not understand that the Court of Appeals intended thereby to overrule the Higgins Case.

It follows that the judgment should be affirmed, with costs. All concur.