FRANK J. MARTIN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

NEW YORK CITY — PAYMENT TO DE FACTO CLERK IS A DEFENSE TO ACTION FOR SALARY BY DE JURE CLERK.   When a clerk in the office of the board of aldermen of the city of New York, who had been removed and another appointed in his place, was reinstated by mandamus because he had been removed without "an opportunity to present an explanation in writing," the city is not liable to such clerk for the salary of the position in question during the period between the date of his removal and the date of his reinstatement, where during that interval the salary of the position was paid to another, who, by an appointment regular upon its face, held the position, performed the duties thereof and was paid the compensation attached thereto.

*Martin* v. *City of New York*, 82 App. Div. 35, affirmed.

(Argued October 21, 1903; decided November 10, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 30, 1903, affirming a judgment in favor of defendant entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. S. Gilbert* for appellant.   As a regular clerk the plaintiff's relation to the city of New York was purely contractual. He was not a public officer. (*Steinson* v. *Bd. of Education,* 165 N. Y. 431; *Graham* v. *City of New York,* 167 N. Y.

85.) The rule that payment to a *de facto* officer, while hold-ing the office and discharging its duties is a defense to an action brought by the *de jure* officer, has no application to the case at bar. (*People ex rel.* v. *Mayor, etc.,* 49 App. Div. 208 ; *Terhune* v. *Mayor, etc.,* 88 N. Y. 247 ; *Fitzsimons* v. *City of Brooklyn,* 102 N. Y. 536 ; *Steinson* v. *Bd. of Edu-cation,* 165 N. Y. 431 ; *Graham* v. *City of New York,* 167 N. Y. 85.)

*George L. Rives, Corporation Counsel (Theodore Connoly and Terence Farley of counsel), for respondent.* The pay-ment of the salary of an office to the *de facto* officer will defeat an action brought by the *de jure* officer to recover salary for the same period. (*Dolan* v. *Mayor, etc.,* 68 N. Y. 274 ; *McVeany* v. *Mayor, etc.,* 80 N. Y. 185 ; *Terhune* v. *Mayor, etc.,* 88 N. Y. 247 ; *Demarest* v. *Mayor, etc.,* 147 N. Y. 203 ; *Shaw* v. *Pima County,* 18 Pac. Rep. 273 ; *Gorman* v. *Boise County,* 1 Idaho, 655 ; *S. C. Comrs.* v. *Anderson,* 20 Kans. 298 ; *Michel* v. *New Orleans,* 32 La. Ann. 1094 ; *Wayne Co. Auditors* v. *Benoit,* 20 Mich. 176 ; *Parker* v. *Dakota Co. Suprs.,* 4 Minn. 59.) The rule referred to like-wise applies to municipal employees. (*Higgins* v. *Mayor, etc.,* 131 N. Y. 128 ; *O'Hara* v. *City of New York,* 28 Misc. Rep. 258 ; 46 App. Div. 518; 167 N. Y. 567 ; *Van Valken-burgh* v. *Mayor, etc.,* 49 App. Div. 208.)

Vann, J. For several years prior to the first of October, 1900, the plaintiff was a clerk in the office of the clerk of the board of aldermen of the city of New York, but on that day he was removed and A. Joseph Porges was forthwith appointed in his place. Mr. Porges occupied the position, performed the duties and was paid the salary from the first of October, 1900, until the 24th of January, 1901, when the plaintiff was reinstated by mandamus because he had been removed with-out " an opportunity to present an explanation in writing." (*People ex rel. Martin* v. *Scully,* 56 App. Div. 302.)

The object of this action was to recover the salary attached

to the position during the period while it was paid to the wrongful incumbent. The foregoing facts having been admitted at the trial, the court directed a verdict in favor of the defendant, and after affirmance of the judgment by the Appellate Division, the plaintiff came here.

It is well settled in this state that " payment to a *de facto* public officer of the salary of the office, made while he is in possession, is a good defense to an action brought by the *de jure* officer to recover the same salary after he has acquired or regained possession," and that the remedy of the latter is by action against the former. (*Dolan* v. *Mayor, etc., of N. Y.*, 68 N. Y. 274, 280, 281 ; *McVeany* v. *Mayor, etc., of N. Y.*, 80 N. Y. 185 ; *Terhune* v. *Mayor, etc., of N. Y.*, 88 N. Y. 247 ; *Demarest* v. *Mayor, etc., of N. Y.*, 147 N. Y. 208.) These decisions rest upon the principle that the public cannot be compelled to pay twice for the same services, and that the officer charged with the duty of paying salaries is not required to go behind the commission or the certificate of election and, at his peril, decide difficult questions of fact or law, but may make payment to the person who occupies the office and performs its duties.

It is, however, insisted that the rule does not apply to this case, because the plaintiff was not a public officer but an employee holding a contractual relation to the city, and the following cases are relied upon to support the position : *Steinson* v. *Board of Education of N. Y.* (165 N. Y. 431) ; *Graham* v. *City of New York* (167 N. Y. 85). There is an important distinction between the cases cited and the one in hand, because in neither of the former was the position filled and no one was paid for services rendered by a *de facto* occupant. The rule governing payments to a *de facto* officer is founded in public policy and applies with the same force to payments made to a *de facto* occupant of a position of public employment although not an officer. In deciding those cases, as is obvious from the opinions, we did not intend to disturb the rule laid down in *Higgins* v. *Mayor, etc., of N. Y.*, (131 N. Y. 128). In that case an honorably discharged soldier,

appointed by the mayor of the city of New York to a position as laborer at the fixed compensation of two dollars a day, was wrongfully discharged, another person was appointed in his place, and was paid by the city until the veteran was reinstated by legal proceedings. We held that he could not maintain an action to recover the stipulated wages for the period while the position was filled by the intruder, and that the city was not bound to make any compensation to him for the time he was not in actual service. *Terhune* v. *Mayor, etc. of N. Y.*, (*supra*), was followed, and the principle applicable to a *de facto* officer was applied to the *de facto* incumbent of the position then under consideration, because the reason for the rule which controlled the decision in the one case applied with equal force to the other.

We distinguish the case now before us from those relied upon by the appellant, and, following the *Higgins* case, hold that the defendant is not liable to the plaintiff for the salary of the position in question during the period between the date of his removal and the date of his reinstatement, because during that interval the salary of the position was paid to another, who, by an appointment regular upon its face, held the position, performed the duties thereof and was paid the compensation attached thereto.

The judgment should be affirmed, with costs.

PARKER, Ch. J., GRAY, HAIGHT, MARTIN, CULLEN and WERNER, JJ., concur.

Judgment affirmed.