(44 Misc. Rep. 577.)

PEOPLE ex rel. O'TOOLE v. HAMILTON, County Clerk.*

(Supreme Court, New York County, Special Term. August, 1904.)

1. MUNICIPAL CORPORATIONS—PUBLIC OFFICERS—COMPARISON CLERK.

A comparison clerk in the county clerk's office of the county of New York is a public officer in the civil service of the state.

2. MANDAMUS—CLAIM TO OFFICE.

A public officer in the civil service of the state cannot, in mandamus, litigate his claim to the office, from which he had been removed, while another holds it under color of title, and is in receipt of the salary attached.

3. SAME—CIVIL SERVICE COMMISSION—CHANGE OF RULES.

In changing the civil service rules, by virtue of which it became possible to remove a relator from his position and give it to another, the State Civil Service Commission acts in a quasi judicial capacity, and its action cannot be reviewed or set aside by mandamus.

Application by the people, on the relation of James J. O'Toole, for writ of mandamus to Thomas L. Hamilton, county clerk. Denied.

Edward A. Alexander, for relator.

John J. Delany, Corp. Counsel, for respondent.

BLANCHARD, J. On and prior to January 7, 1898, the relator was upon the eligible classified list of the State Civil Service Commission for the position of clerk in the office of the county clerk of New York county. On said 7th day of January, 1898, he was appointed from said eligible classified list as clerk in the said county clerk's office. He was assigned to perform the duties of indexing clerk, and continued to perform such duties until May 1, 1900, when he was assigned to perform the duties of comparison clerk. The relator continued to perform the duties of comparison clerk until May 10, 1904. While he held the position of index clerk the State Civil Service Commission had, with the approval of the Governor, prescribed certain rules and regulations, which provided, among other things, that from June 16, 1900, the position of index clerk or comparison clerk in the office of the county clerk should be subject to competitive examination. On February 4, 1904, the State Civil Service Commission changed the said rules and regulations, with the approval of the Governor, and provided that the said position of index or comparison clerk in the office of the county clerk of New York county should not be subject to competitive examination, but should be a noncompetitive position in the classified service. On May 10, 1904, while the relator was holding the position of comparison clerk, he was removed therefrom by the county clerk. No reason was assigned for his removal, nor was he afforded an opportunity to be heard in his own behalf in respect thereto. The position made vacant by the relator's removal was filled by an appointee of the county clerk, who has continued to hold the position and to receive the salary attached thereto. Under the authority of Martin v. City of New York, 82 App. Div. 35, 81 N. Y. Supp. 412, affirmed 176 N. Y. 371, 68 N. E. 640, it is clear that the relator was a public officer in the civil service of the state. The relator, like the plaintiff in the case above

* For opinion in Division, see 90 N. Y. Supp. 547.

¶ 2. See Mandamus, vol. 33, Cent. Dig. §§ 162, 167.

cited, was not performing his services under a contract of employment, but was receiving a regular salary for performing the duties of an office to which he had been appointed in the manner provided by law. Being such officer, he cannot in mandamus proceedings litigate his claim to the office from which he has been removed, while another holds it under color of right, and is in receipt of the salary attached thereto. This proposition is now too firmly established in our system of legal procedure to be open to question. In People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596, Chief Judge Parker, after reviewing all the authorities, states:

"The learned counsel for relator has not brought to our attention any decision in this state holding that a mandamus will lie where some one is actually in possession of the office under color of right. * * * It is also a general rule that mandamus will not be granted where a party has another specific legal remedy, and from the earliest times the legal remedy for trying the title to an office was by the writ of quo warranto—now a direct action brought by the Attorney General."

The present incumbent of the office from which the relator was removed is certainly holding it under color of right. In changing the civil service rules, by virtue of which change it became possible to remove the relator from his position and give it to the present incumbent, the State Civil Service Commission acted in a quasi judicial capacity, and their action cannot be reviewed or set aside in mandamus proceedings. People ex rel. Sims v. Collier, 175 N. Y. 196, 67 N. E. 309.

Motion denied. No costs.