(116 App. Div. 885)

PEOPLE ex rel. HOEFLE v. CAHILL, Coroner.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

MANDAMUS—RESTORATION TO OFFICE—CIVIL SERVICE LAW.

　　As title to an office claimed by two may not be determined by mandamus, the writ will not lie to compel relator's restoration to an office from which he claims to have been removed contrary to Civil Service Law, Laws 1904, p. 1694, c. 697, § 21, where another has been appointed to the office; the provision of such section, that every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong, being intended to apply only where such remedy is appropriate.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 162.]

Appeal from Special Term, Richmond County.

Application by Charles Hoefle for mandamus to Matthew J. Cahill, as coroner of the borough of Richmond, in the city of New York. From an order directing a peremptory writ, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

James D. Bell (William Hughes, on the brief), for appellant.

George M. Pinney, Jr. (Warren C. Van Slyke, on the brief), for respondent.

MILLER, J. This is an appeal from an order directing a peremptory writ of mandamus to compel the appellant to reinstate the relator to the position of clerk to the coroner in and for the borough of Richmond. The relator was appointed to said position pursuant to section 1571 of the Greater New York charter (Laws 1901, p. 646, c. 466), which gives the coroner in each borough power to appoint a clerk at an annual salary to be fixed by the board of estimate and apportionment. The relator was a member of a volunteer fire department at the time of its disbandment, and claims that he was protected from summary removal by section 21 of the civil service law (chapter 697, p. 1694, Laws 1904). Upon removing the relator the appellant appointed his successor, who now holds the office.

There can be no doubt that the position held by the relator is an office. O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, affirmed 167 N. Y. 567, 60 N. E. 1117; Martin v. City of New York, 82 App. Div. 35, 81 N. Y. Supp. 412. It is we'l settled that· the title to an office claimed by two persons cannot be determined in a mandamus proceeding; and this, even though the occupant of the office has been allowed to intervene and become a party to the proceeding. People ex rel. McLaughlin v. Police Commissioners, 174 N. Y. 450, 67 N. E. 78, 95 Am. St. Rep. 596. It matters, not how clear the relator's right to reinstatement may be, the office which he claims is held by another, and the effect of the order appealed from is to remove such other person without his having an opportunity to be heard. The respondent relies upon the first sentence of said section 21, which is as follows:

"Every. person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong."

This provision must be given a reasonable interpretation, and it cannot be supposed that the Legislature intended to provide a remedy, except in those cases to which it was appropriate. Mandamus does not issue as a matter of strict right. Steinson v. Board of Education of New York, 165 N. Y. 431, 59 N. E. 300. The sentence quoted supra can be given full effect by holding.that, where the remedy is appropriate in this class of cases, the writ shall issue as of strict right. It follows that the order must be reversed.

Final order reversed, without costs, and proceedings dismissed. All concur.