In the Matter of the Application by WILLIAM H. PENOYER, Petitioner, for a Mandamus Order against the COMMISSIONER OF PUBLIC WORKS OF THE CITY OF SCHENECTADY, Respondent.

Supreme Court, Schenectady County, July 5, 1929.

*John J. McMullen*, for the petitioner.

*Carleton H. Lewis, Corporation Counsel*, for the respondent.

BREWSTER, J.   The petitioner here seeks a peremptory and/or an alternative order of mandamus requiring the commissioner of public works of the city of Schenectady, N. Y., to and/or show cause why he should not reinstate him to the position of inspector of public improvements, and to pay him (a) the wages which employment in said position carried for the period between August 20 and October 23, 1928, which he alleges to be due him because, although not then employed in said position, he should have been, and (b) the wages for employment in said position from November 1, 1928, to the time when he is re-employed.

The position in question is in civil service classification, but it does not carry steady or continuous employment by the city. On the contrary, it carries employment only at such times as public work requiring inspection is in progress.   Neither a wage nor a salary is incident to the position.   Actual employment alone entitles the hire.

Defendant's answer avers that petitioner's name is still on his departmental list of those eligible for employment in said position, and that when and as such employment is available it will be assigned to him.   It thus appears that petitioner has not been removed, and accordingly no mandamus order can issue to reinstate him to a status already existing, and petitioner fails to show the existence of any present employment that is available for him, and which is being unlawfully denied him.

As regards petitioner's claim to wages for the days he alleges he was unjustifiably refused employment in the position which he holds, it is manifest that mandamus is not a proper remedy. It does not appear that the defendant is a disbursing officer of the city.   Moreover, it appears that the work to which petitioner claims he should have been assigned was performed by other employees, and, even though the defendant was derelict in his duty to petitioner, it seems that the city may not be penalized by being required to pay him for services he did not perform, but which were discharged by others.   (*Higgins* v. *Mayor, etc., of New York*, 131 N. Y. 128.)

Motion denied, without costs.   Submit order.