(120 App. Div. 539)

## ALLEN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

MUNICIPAL CORPORATIONS—EMPLOYÉS—TRANSFER—RIGHT TO SALARY.

> Municipal service rule 14 provides that on the written request of an appointing officer stating the facts with reference to a proposed transfer, accompanied by the written consent of the appointing officer from whose jurisdiction the transfer is to be made, the commission will, if such transfer be in accordance with law and the provisions of these rules, issue its certificate to that effect. Held, that where all the requirements of the rule were complied with, and plaintiff, a draughtsman at a fixed salary, in the office of the president of the borough of Queens, was transferred to the commission of water supply, gas, and electricity and was at all times ready to perform his contract, he could not be deprived of his position in the latter department or of his right to salary by the refusal of the new head of that department to recognize the act of his predecessor.

Appeal from Municipal Court, Borough of Queens, First District.

Action by John A. Allen against the city of New York. From the judgment, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

George F. Hickey (William E. Stewart, on the brief), for appellant.

Royal E. T. Riggs (Theodore Connoly, on the brief), for respondent.

MILLER, J. On December 21, 1905, the plaintiff held a position in the classified civil service subject to competitive examination as draughtsman, at a salary of $1,800 per annum, in the office of the president of the borough of Queens. On that day the commission of water supply, gas, and electricity requested the civil service commission in writing to issue a certificate pursuant to rule 14 of the municipal civil service rules for the transfer of the plaintiff to the same position at the same salary in the department of water supply, gas, and electricity. Indorsed thereon was the written consent of the president of the borough of Queens. Pursuant to said request and consent, said commission issued its certificate approving said transfer, and duly notified said commissioner and said borough president thereof. Thereafter the plaintiff applied daily to the department of water supply, gas, and electricity for assignment to duty, until he was informed that he had not been transferred. His name was never on the pay roll of said department, but remained on the pay roll of the office of said borough president until February 16, 1906, when an entry was made to the effect that he was discharged for lack of work. It is not claimed, however, that the plaintiff performed any service in the office of said borough president or received any salary after the issuance of said certificate of transfer. He now sues to recover his salary, and appeals to this court from a judgment dismissing his complaint.

The respondent contends that the plaintiff's proposed transfer from the office of said borough president to the department of water supply, gas, and electricity was never consummated, and that, even if it was, being an employé merely, he cannot recover pay without having performed services.

The first contention is based on the proposition that an appointment to an office must be in writing. Both sides assert that said position was not an office, and the transfer of the plaintiff was not an appointment. He held a definite position as draughtsman at an annual salary. What was attempted was his transfer from that position in one department to a like position at the same salary in another department. Rule 14 of the municipal civil service rules in evidence prescribes how that may be done, subdivision 4 thereof provides as follows:

"Upon the written request of an appointing officer, stating the facts with reference to a proposed transfer, accompanied by the consent, also in writing, of the appointing officer from whose jurisdiction the transfer is to be made, the commission will, if such transfer be in accordance with law and the provisions of these rules, issue its certificate to that effect; but no such transfer shall be made or recognized until after the issuance of such certificate."

All the requirements of said rule were complied with, and there is no force in the argument that the commissioner never exercised his prerogative of appointment, because the transfer was made on his written request. When the proper certificate of the civil service commission was issued on that request, accompanied by the written consent of the appointing officer from whose jurisdiction the transfer was made, it was consummated. All that remained to be done was to assign the plaintiff to duty in the department to which he had been transferred. He no longer held a position in the office of said borough president, and could not be deprived of his position in the department to which he was transferred in disregard of the statute by the refusal of the new head of that department to recognize the act of his predecessor.

In support of the second proposition, the respondent cites Cook v. Mayor, 9 Misc. Rep. 338, 30 N. Y. Supp. 404, affirmed 150 N. Y. 578, 44 N. E. 1123; Quintard v. City of New York, 51 App. Div. 233, 64 N. Y. Supp. 904, and Eckerson v. City of New York, 80 App. Div. 12, 80 N. Y. Supp. 168, affirmed 176 N. Y. 609, 68 N. E. 1115, but in none of those cases did the person claiming salary hold a definite position to which a fixed salary attached and whose tenure was protected by statute. The plaintiff could only be removed by compliance with section 1543 of the charter (Laws 1901, p. 636, c. 466), and it is not claimed that he was removed or that any one was appointed to his position, or has drawn the salary attaching to it. The relation between an employé and the city is contractual. Where he holds a definite position at a fixed salary, and is removable not at will but only in the manner provided by statute, the city contracts to pay him until thus lawfully removed, and the same rules apply to a breach of that contract as to that of a similar contract of employment between individuals, except that on grounds of policy the public will not be compelled to pay twice for the same services where it has once paid to the person in fact occupying the office or position. Martin v. City of New York, 176 N. Y. 371, 68 N. E. 640. The plaintiff was at all times ready to perform his part of the contract, and made many tenders of performance, and I think the question of his right to recover under such circumstances is no longer open to discussion. Steinson v. Bd. of Education of N. Y., 165 N. Y. 431, 59 N. E. 300; Graham

v. City of New York, 167 N. Y. 85, 60 N. E. 331; O'Hara v. City of New York, 46 App. Div. 518, 62 N. Y. Supp. 146, affirmed on opinion below, 167 N. Y. 567, 60 N. E. 1117.

The judgment should be reversed. All concur.